STATE OF WEST VIRGINIA

**FILED**

*In re* **L.C.**

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 18-0777** (Kanawha County 18-JA-164)

## MEMORANDUM DECISION

Petitioner Father D.N., by counsel Shawn D. Bayliss, appeals the Circuit Court of Kanawha County's August 2, 2018, order terminating his parental rights to L.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in granting the DHHR leave to file an amended petition, adjudicating him as an abusing parent, terminating his parental rights, and denying him post-termination visitation with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 27, 2018, the DHHR filed an abuse and neglect petition alleging that the parents abandoned the child and failed to provide him with necessary food, clothing, supervision, and housing at various times throughout his life. The DHHR also alleged that petitioner was incarcerated on a parole violation related to an underlying drug offense and that he failed to provide the child with "any financial support, whether in kind or in specific monetary amounts during at least some periods of the child['s] life." On May 18, 2018, the circuit court held an adjudicatory hearing. Petitioner appeared by telephone, but declined to testify. The mother testified that petitioner had not paid child support in over ten years and owed approximately $35,000 due to missed payments. She further testified that petitioner last saw the child in July of 2017. According to the mother's testimony, petitioner could not provide a home for the child and also suffered from a substance abuse addiction, which interfered with his ability to parent the child. The circuit court adjudicated petitioner as an abusing parent based upon his abandonment

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

of the child and his failure to provide child support. Specifically, the circuit court noted that petitioner "has not paid any attention to his child and he's not met any of his parental obligations." The circuit court granted the DHHR leave to amend the petition based upon allegations of petitioner's substance abuse. However, no such amended petition was filed.

On June 22, 2018, the circuit court held a dispositional hearing. Petitioner did not appear telephonically or in person, but was represented by counsel. Counsel for petitioner moved for an improvement period, which the circuit court denied. According to counsel, petitioner was released from incarceration prior to the hearing. The DHHR recommended termination of petitioner's parental rights. According to the DHHR, petitioner had not been involved in the child's life and the child had been in specialized foster care due to behavioral issues since he was twelve years old.[2] According to the guardian's report, the child stated that he was never raised by his parents, but lived with his grandmother when he was younger. The report also indicated that the child and petitioner had sporadic contact. However, after his release from incarceration, petitioner made no attempts to contact the DHHR or the child. Further, the DHHR was unable to provide services to petitioner while he was incarcerated and was unaware that petitioner was released from incarceration prior to the dispositional hearing until advised by petitioner's counsel. Following the presentation of testimony, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the termination of his parental rights was in the child's best interest. Visitation with petitioner was left to the child's request and the legal guardian's discretion. However, the circuit court ordered that all contact with petitioner must be supervised, no overnight visits shall occur, and the child shall not reside in the same household as petitioner. Ultimately, the circuit court terminated petitioner's parental rights in its August 2, 2018, dispositional order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]At the time of the dispositional hearing, the child was sixteen years old.

[3]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the child is legal guardianship in his current placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in granting the DHHR leave to file an amended petition based upon the mother's testimony during the adjudicatory hearing that petitioner abused substances. Although petitioner argues that it was improper for the DHHR to file an amended petition because the alleged substance abuse occurred prior to the filing of the original petition, he acknowledges that the DHHR did not actually file an amended petition. As discussed further below, because the circuit court had sufficient evidence to adjudicate petitioner as an abusing parent based upon his neglect and abandonment of the child, evidence of his substance abuse was unnecessary to adjudicate him. Therefore, petitioner is entitled to no relief. [4]

Next, petitioner argues that the circuit court erred in adjudicating him as an abusing parent. In support, he asserts that that the mother's testimony regarding his failure to pay child support was insufficient to support adjudication. [5] We do not agree.

West Virginia Code § 49-1-201, in relevant part, defines a neglected child as one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter, supervision, medical care or education. . . ." This section also defines abandonment as "any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child." Further, we have held that

> "W.Va. Code [§] 49-6-2(c) [now West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (citations omitted). The circuit court correctly adjudicated petitioner as an abusing parent based on the evidence that he neglected and abandoned the child. The record shows that petitioner was often absent from the child's life for long periods of time and failed to provide the child with financial support,

---

[4]Further, although the DHHR did not file an amended petition, the circuit court was within its discretion to allow the DHHR to file an amended petition based upon the mother's testimony because Rule 19(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[i]f new allegations arise after the final adjudicatory hearing, the allegations should be included in an amended petition rather than in a separate petition in a new civil action[.]"

[5]In support, petitioner also argues that the circuit court did not have sufficient evidence of his substance abuse issues in order to adjudicate him as an abusing parent. However, as addressed above, the DHHR did not amend the petition to include allegations of substance abuse. As such, petitioner's substance abuse did not form a basis for adjudication and, therefore, we will not address this issue on appeal.

necessary food, clothing, shelter, supervision, medical care, or education, largely due to his incarceration. Further, the mother testified that petitioner had not seen the child since July of 2017 and had not paid child support for approximately ten years. While he argues that the DHHR's evidence was insufficient, petitioner offered no testimony or evidence in rebuttal. We have held that

> [b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability.

Syl. Pt. 2, *W.Va. Dep't of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996). Based upon the evidence presented by the DHHR, the circuit court found that petitioner failed to meet any of his parental obligations and that he abandoned the child. Accordingly, we find no error in the circuit court's determination that petitioner was an abusing parent due to his neglect and abandonment of the child.

Next, we find no error in the circuit court's termination of petitioner's parental rights. Petitioner argues that the circuit court should have first granted him an improvement period or utilized a less-restrictive dispositional alternative. We disagree.

West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. West Virginia Code § 49-4-604(c)(4) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent "abandoned the child." As discussed above, petitioner failed to provide any financial, emotional, or other support for the child for extended periods of time throughout the child's life. Petitioner never raised the child and only had sporadic contact with him. Petitioner also participated minimally in the proceedings. Although he appeared for the adjudicatory hearing by telephone due to his incarceration, he was released from incarceration prior to the dispositional hearing and failed to appear for that hearing. Petitioner also failed to contact the DHHR or the child after he was released from incarceration. Further, the termination of petitioner's parental rights was necessary in order to establish permanency for the child. Based on this evidence, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was in the child's best interest.

While petitioner argues that instead of terminating his parental rights, the circuit court should have granted him an improvement period, West Virginia Code § 49-4-610 provides that a circuit court may grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Further, the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."). However, petitioner failed to provide any evidence to demonstrate that he would be

4

likely to successfully complete an improvement period and, therefore, did not meet the requisite burden to receive one. While petitioner also argues that his ability to care for his child was not adequately addressed due to a lack of services from the DHHR, the record shows that the DHHR was unable to offer petitioner services while he was incarcerated and petitioner failed to contact the DHHR following his release from incarceration.

Alternatively, petitioner argues that the circuit court should have granted him a less-restrictive disposition. While he contends that the termination of his parental rights was unnecessary because the mother or relatives could care for the child and "decide on their own what contact [petitioner] should have with his child," petitioner fails to acknowledge that the mother's parental rights were also terminated below, the child had been in foster care for the previous four years, and the child did not have any family members to care for him. Moreover, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error with the circuit court's termination of petitioner's parental rights.

Finally, petitioner argues that the circuit court erred in denying him post-termination visitation with the child. In support, petitioner alleges that his "bond with his child necessitates that he be granted post-termination visitation." In regard to post-termination visitation, we have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). Contrary to petitioner's argument, the circuit court did not deny petitioner post-termination visitation. Because of the child's age and maturity, the circuit court acted within its discretion to leave visitation to the child's request and the legal guardian's discretion. Therefore, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 2, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  January 14, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

6